IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAROLYN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:10-CV-1007-WKW |
| | )             [WO] |
| CITY OF MONTGOMERY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| ANTONIO HAIGLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:10-CV-1008-WKW |
| | ) |
| | ) |
| CITY OF MONTGOMERY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is Defendants' Motion for Attorney's Fees and Expenses (Doc. # 79), to which Plaintiffs have filed a response (Doc. # 80). For the reasons that follow, the motion is granted in part and denied in part.

On November 9, 2011, a jury returned a verdict finding that Defendants were not liable on Plaintiffs' claims (Docs. # 75, 76), and the next day, final judgment was entered (Doc. # 72). Defendants timely filed their Motion for Attorney's Fees and

Expenses on November 15, 2011.  *See* Fed. R. Civ. P. 54(d) (requiring motions for attorney's fees to be filed within fourteen days after entry of judgment).

A court, in its discretion, may award "a reasonable attorney's fee" to a prevailing party in an action brought under 42 U.S.C. § 1983.  42 U.S.C. § 1988.  A plaintiff should not be assessed fees in a § 1983 action unless the court finds "'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'"  *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) and adopting *Christiansburg's* standard for determining whether a defendant may recover § 1988 attorney's fees in Title VII cases).  In determining whether a claim meets this standard, "a district court [must] resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421–22.

The Eleventh Circuit has delineated the following factors for determining frivolity: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits."  *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985); *see, e.g.*, *Angiolillo v. Collier Cnty.*, 394 F.

App'x 609, 615 (11th Cir. 2010) (*per curiam*); and *Watson Const. Co. v. City of Gainesville*, 256 F. App'x 304, 306 (11th Cir. 2007) (*per curiam*) (both cases relying on *Sullivan* to discuss the Eleventh Circuit standard for granting attorney's fees to prevailing defendants in a § 1983 action). The factors are "general guidelines only, not hard and fast rules." *Sullivan*, 773 F.3d at 1189. "Determinations of frivolity are to be made on a case-by-case basis." *Id*.

Defendants argue that Plaintiffs pursued their claims despite knowing that the "claims were not valid on their face." (Doc. # 79 ¶ 4.) Defendants assert that Plaintiffs' concessions to dismiss certain claims and a defendant, as well as the partial granting of their summary judgment motion, support their argument. (Doc. # 79 ¶ 4.)

Plaintiffs' concessions to dismiss claims and a defendant do not justify an award of attorney's fees. Contrary to Defendants' argument, Plaintiffs did not pursue claims that they knew to be invalid. Once it became clear that Plaintiffs could not adequately pursue certain claims, they did not continue to litigate these claims. *See Christiansburg*, 434 U.S. at 422 (holding a court may award attorney's fees to a defendant if the plaintiff continued to litigate after it was clear the claims were frivolous).

Furthermore, the partial granting of summary judgment does not justify an award of attorney's fees.  Plaintiffs submitted evidence in conjunction with their response brief to support their allegations.  *See Sullivan*, 773 F.2d at 1189 (Findings of frivolity typically do not stand "[i]n cases where the plaintiffs introduced evidence sufficient to support their claims.").  Plaintiffs also made reasonable arguments in their response brief to support their claims.  The fact that Plaintiffs were unsuccessful on some of these claims does not render them frivolous.

Lastly, Plaintiffs' § 1983 claims that proceeded to trial were not frivolous under *Sullivan's* standard.  Plaintiffs' excessive force and false arrest/false imprisonment claims survived summary judgment, as there were genuine issues of material fact.  Plaintiffs submitted evidence at trial to support their allegations.  Thus, Defendants are not entitled to an award of attorney's fees.  *See O'Neal v. DeKalb Cnty., Ga.*, 850 F.2d 653, 658 (11th Cir. 1988) (holding no abuse of discretion for a district court's denial of § 1988 attorney's fees because "although the plaintiffs' section 1983 suit [did] not merit relief, their causes of action were plausible").

While Defendants are not entitled to attorney's fees, as the prevailing party, they are entitled to costs under Rule 54(d) of the Federal Rules of Civil Procedure.

Accordingly it is ORDERED that Defendants' motion for attorney's fees is DENIED and Defendants' motion for expenses is GRANTED.  Defendants are

DIRECTED to use the form Bill of Costs (AO 133) (Rev. 8/06)[1] and are GRANTED leave to file a completed form on or before **February 17, 2012**.

Furthermore, it is ORDERED that Defendants' Motion to Strike (Doc. # 81) is DENIED as moot.

DONE this 2nd day of February, 2012.

                                        /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The form Bill of Costs is available on the court's website at www.almd.uscourts.gov.